United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL FIU, | No. C 09-4655 SI (pr) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
|     v. | |
| JOHN MARSHALL, warden, | |
|     Respondent. | |

## INTRODUCTION

Neal Fiu, an inmate currently at Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Fiu was convicted in Contra Costa County Superior Court of second degree murder. Sentence enhancement allegations related to a criminal street gang were found true. On December 9, 2005, he was sentenced to 40 years to life in state prison. Fiu appealed. The conviction was affirmed by the California Court of Appeal and the petition for review was denied by the California Supreme Court. Fiu then filed this action.

/ / /

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court's failure to instruct on supervening causes violated petitioner's Fourteenth Amendment right to due process; (2) if the trial court had no instruction to sua sponte instruct on supervening causes, trial counsel rendered ineffective assistance of counsel by failing to request a correct instruction on supervening causes; and (3) the court's failure to correctly instruct the jury on the burden of proof violated petitioner's Fourteenth Amendment right to due process. Liberally construed, the claims appear to be cognizable in a federal habeas action.

Fiu has moved for appointment of counsel. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action. The motion for appointment of counsel is DENIED

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 18, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent's counsel on or before **July 23, 2010**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's <u>in forma pauperis</u> application is GRANTED. (Docket # 3, # 5.)

8. Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

IT IS SO ORDERED.

DATED: April 2, 2010

SUSAN ILLSTON
United States District Judge

3